[No. 6577.   Decided April 8, 1907.]

Roland A. Bundy, *Respondent*, v. Union Iron Works,
*Appellant*.[1]

Master and Servant — Injuries — Contributory Negligence —
Methods of Work. An employee, injured by contact with a set screw
upon a revolving shaft, while attempting to throw a rope over a
beam for the purpose of removing the shaft, is guilty of contributory negligence precluding a recovery, where he placed his ladder
against the west side of a post and climbed up and leaned forward
in proximity to the collar on the revolving shaft in order to throw
the rope over the beam, when he might have placed the ladder and
climbed up on the east side of the post and put the rope over without
coming near the shaft; inasmuch as it was contributory negligence
for him to voluntarily adopt an unsafe method of doing the work
where there was evident a safe way.

Same—Factory Act—Defense of Contributory Negligence. The
defense of contributory negligence in the adoption by a servant of
an unsafe method of work, when he might have adopted a safe way,
is not precluded by the factory act requiring the guarding of dangerous machinery.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered May 23, 1906, upon
the verdict of a jury rendered in favor of the plaintiff, in
an action for personal injuries sustained by an employee
through being caught on a set screw in a revolving shaft.
Reversed.

*Post, Avery & Higgins*, for appellant.
*Hamblen, Lund & Gilbert*, for respondent.

Root, J.—Plaintiff brought this action for damages on
account of personal injuries sustained by being caught upon
a set screw in a collar on a revolving shaft in the boiler room
of defendant's foundry.   From a judgment in favor of plaintiff, this appeal is taken.

[1]Reported in 89 Pac. 545.

The shaft in question was situated about fourteen or sixteen feet above the ground floor, running north and south, and was attached to the west side of a row of posts composed of heavy 12x12 timbers. Respondent was assisting one Thoms, who had charge of the work of removing said shaft for appellant. Upon the shaft was a collar fastened with a set screw which projected about a quarter of an inch beyond the flanges of the collar. Some three feet below the shaft there were attached to the post certain arms extending outward in each direction, and upon those arms a temporary staging was built on the west side of the posts. Some feet above the shaft, and extending from one post to another, was a heavy beam. Plaintiff was directed to throw ropes over the top of this beam, near each of two of these posts, so that one end of each rope might be attached to the shaft which it was desired to thereby take down, as appellant was remodeling that portion of the building. Plaintiff took one rope and climbed upon a ladder set against the side of what we will call the south post, and threw the rope over the beam above, from the east side. He then climbed down and secured another rope and carried his ladder to the next post to the north. Instead of placing his ladder against the side of this post and throwing over the rope from the east side, in a manner similar to that which he had followed in the other instance, he went around to the west side of the post and climbed up and, while standing upon the ladder or upon a plank or scaffolding resting upon the arms attached to the posts, on the west side, leaned forward to throw the rope up over the beam from that side. In so doing his clothing came in contact with the set screw and he was very seriously injured. Appellant urges, (1) that there was a failure of proof as to defendant's negligence; (2) that plaintiff was guilty of contributory negligence, and (3) that he assumed the risk. We will consider the evidence with reference to contributory negligence.

It is urged by appellant that, inasmuch as the shaft and the collar were in plain sight, respondent was guilty of neg-

ligence in attempting to throw the rope while standing at a
place where his body would likely come in contact with said
shaft and collar, even though he could not see that the set
screw was projecting. It is also urged that appellant was
guilty of contributory negligence in that he voluntarily se-
lected a hazardous method of doing his work when a per-
fectly safe one was available. Immediately to the east of the
posts upon which the line shaft was attached was an open
space with nothing upon the floor or elsewhere to interfere
with respondent's moving his ladder, handling his rope, or
climbing up alongside the posts so as to throw the rope over
the beam. To the west of said posts the floor was partially
occupied, and there were belts running from certain pulleys
upon the shaft to machinery in other parts of the foundry,
and a person standing upon the ladder against the post, or
upon the scaffolding, would necessarily be brought near or
against the shaft. While climbing the ladder upon the east
side of the post, he would have the width of the post (twelve
inches) between the shaft and the place where the top of his
ladder rested; and to reach the beam overhead there would
be no occasion whatever to get near the shaft. Upon the
trial of the case a large model was used and placed in evi-
dence, and the same was brought to this court for our in-
spection. The evidence of the respondent himself, together
with an examination of the model, shows plainly that the
method adopted by the respondent in throwing the first rope
over the beam was a perfectly safe one; that with his ladder
upon the east side of the post it was practically impossible
for him to come in contact with the shaft or set screw; that
he was just as near the beam on that side as he would be on
the other; that there was no rubbish, no belts, no shaft, nor
anything else in the way of his adopting the same method in
putting over the other rope; that instead of following the
same method, he undertook to put the second rope over from
the west side, placing his ladder and himself in a position
where, in throwing the rope, he would naturally lean against

the shaft. He saw the shaft and the collar, and knew that they were rapidly revolving. He had worked for respondent for several months, and must have known that there was danger in coming in contact with a revolving shaft. No reason is given for his not putting over the second rope from the east side as he had done with the first one.

It appears to us that the conclusion is irresistible that this unfortunate man voluntarily chose to do this work in a hazardous manner when a perfectly safe method was open and known to him, a method which he had already tested but a few moments before. The proposition is thoroughly established by the courts that, where an employee voluntarily elects to perform a given service in a perilous manner when a perfectly safe method is open and known to him, he is guilty of such contributory negligence as will defeat a recovery as against his employer. In this case plaintiff in his complaint sets forth two causes of action, one a common law action and the other under the factory act. At the close of plaintiff's case defendant moved for a dismissal. In passing upon that motion, the trial court used the following language:

"The court can readily see from that model and with the admissions, that there were a number of ways that rope could have been thrown over that timber—anybody can see it should have been thrown over the east side instead of the west side; ii. could have been thrown over from the north end, or very probably it could have been thrown over from underneath, by putting the ladder up against the south side of the north post. But the plaintiff chose another way of going on to the plank in question, on the west side and putting the rope over that way, and it is evident, in the mind of the court, that that was the most dangerous way he could have selected, because in that way he was in immediate contact with the collar and set-screw, whereas, upon the other side, the north post would have been between the collar and set-screw and the plaintiff : the post, of course, itself would have protected him."

The court thereupon dismissed the common law cause of action, but denied the motion as to the statutory cause, upon the theory that the conduct of appellant in selecting the more

dangerous method could be urged against him only upon the
plea of assumed risk, a defense not permitted as against the
statutory liability.    In this, we think, the learned trial court
was in error.    This conduct of plaintiff was contributory
negligence, and this court has held that this defense is not
cut off by the factory act.    *Hunter v. Washington Pipe &
Foundry Co.*, 43 Wash. 167, 86 Pac. 171; *Beltz v. American
Mill Co.*, 37 Wash. 399, 79 Pac. 981.

In the case of *Hoffman v. American Foundry Co.*, 18 Wash.
287, 51 Pac. 385, this court said:

"The rule is well settled that, where there are two methods
by which a service may be performed, one perilous and the
other safe, an employe, who voluntarily chooses the perilous
rather than the safe one, cannot recover for an injury thereby
sustained."

In the case of *Stratton v. Nichols Lumber Co.*, 39 Wash.
323, 81 Pac. 831, 109 Am. St. 881, a case where the injury
was occasioned in a manner similar to that in the case at bar,
this court said:

"And appellants contend that, instead of climbing upon
the band rack, the deceased could have easily stood upon these
benches and tied back the belt without coming near, or in
contact with, the shaft or set screw; that this method was
perfectly safe, and that, had it been adopted, Stratton would
have been in no danger whatever whether the machinery was
moving or not.    We think this contention should be sus-
tained."

In the case of *Beltz v. American Mill Co.*, *supra*, the court
said:

"There were two ways in which the sawdust could be re-
moved, the one free from danger, the other fraught with
danger.    The appellant voluntarily chose the latter, and
should not now be permitted to visit the result of his mis-
fortunes and indiscretions upon others."

And again:

"The court must consider, not only what the appellant
knew, but what he should have known by a proper exercise
of his faculties."

In the case of *Bier v. Hosford*, 35 Wash. 544, 554, 77 Pac. 867, the court employed this language:

"Physical facts, apparent to individuals of the most ordinary understanding, particularly those things capable of sensation and touch, cannot be overcome or discredited by word of mouth. Courts and juries in such instances are not warranted in making erroneous deductions from known premises."

In *Anderson v. Inland Telephone etc. Co.*, 19 Wash. 575, 53 Pac. 657, 41 L. R. A. 410, the court quoted approvingly from *Day v. Cleveland etc. Co.*, 137 Ind. 206, 36 N. E. 854, as follows:

"In a case where the servant is one of mature years and experience, as in this case, the law never imposes the duty on the master of becoming eyes and ears for his servant, where there is nothing to prevent the servant from using his own eyes and ears to avoid danger. . . . The law requires that men shall use the senses with which nature has endowed them; and, when without excuse one fails to do so, he alone must suffer the consequences, and he is not excused where he fails to discover the danger if he made no attempt to employ the faculties nature has given him."

In *Olson v. McMurray Cedar Lumber Co.*, 9 Wash. 500, 37 Pac. 679, the court gave this expression:

"Men, when they are working around dangerous machinery, must notice. Their faculties and senses are given them for the purpose of self-preservation, and they must exercise them to a reasonable extent."

See, also, *Miller v. Moran Bros. Co.*, 39 Wash. 631, 81 Pac. 1089, 109 Am. St. 917; *Lewis v. Simpson*, 3 Wash. 641, 29 Pac. 207; *Laidley v. Musser Lumber & Mfg. Co.*, 45 Wash. 239, 88 Pac. 124; *Tham v. Steeb Shipping Co.*, 39 Wash. 271, 81 Pac. 711; *Bailey v. Mukilteo Lumber Co.*, 44 Wash. 581, 87 Pac. 819; *Wilson v. Northern Pac. R. Co.*, 31 Wash. 67, 71 Pac. 713; Wood, Master & Servant, § 328.

Whatever negligence there may have been on the part of the defendant, it is conclusively evident that the respondent, by his lack of proper care in voluntarily choosing an unsafe

instead of a safe method and thereby placing himself unnecessarily in a position of known danger, contributed to the negligence which occasioned his injury. The judgment of the honorable superior court is reversed, and the cause remanded with instructions to dismiss the action.

HADLEY, C. J., RUDKIN, MOUNT, and CROW, JJ., concur.