[No. 6989. Decided April 11, 1908.]

# F. W. RAMM, *Respondent*, v. HEWITT-LEA LUMBER COMPANY, *Appellant*.[1]

MASTER AND SERVANT — GUARDING MACHINERY — UNGUARDED SET SCREW—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY. Whether a set screw might have been advantageously guarded under the factory act, negligence in failing to do so, assumed risks and contributory negligence, are questions for the jury, where it appears that an employee first attempted to apply oil from in front, reaching around a timber, when the pulley threw dust into his eyes, whereupon he passed to a position back of the timber and was caught on an unprotected set screw on the pulley, there being evidence that his usual work was on the floor below, that he had never been there before, and that the set screw might have been advantageously guarded, and the evidence as to his contributory negligence was conflicting.

SAME—CONTRIBUTORY NEGLIGENCE — UNSAFE METHODS — INSTRUCTIONS. It is proper to refuse a requested instruction that a servant is guilty of contributory negligence if he assumes an unsafe method of performing an act, when there were one or more safe methods that he might have adopted, where the evidence shows that he had no knowledge or means of knowledge of the unsafety of the course pursued; since the instruction is too broad.

SAME—OILING MACHINERY IN MOTION—CUSTOM. An employee is not guilty of contributory negligence in attempting to oil a shaft without stopping the machinery in a shingle mill where it was not customary and he had been instructed not to do so.

TRIAL—INSTRUCTIONS—REQUESTS. Upon refusal to give an instruction because not requested in proper form, it is not prejudicial error to fail to prepare and give another instruction on the same subject.

SAME. It is not error to refuse an instruction where the point was covered in the general charge.

Appeal from a judgment of the superior court for King county, Steiner, J., entered March 16, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee in a shingle mill through contact with a set screw in a revolving pulley. Affirmed.

[1]Reported in 94 Pac. 1081.

*Peters & Powell,* for appellant.

*Walter S. Fulton,* for respondent.

CROW, J.—Action by F. W. Ramm against the Hewitt-Lea Lumber Company, a corporation, to recover damages for personal injuries. From a judgment in favor of the plaintiff, the defendant has appealed.

The appellant owns a saw and shingle mill, in which the respondent, employed as a millwright, was injured. There is evidence that the appellant had installed a friction clutch pulley in its shingle mill, attached to a shaft, which in turn was attached to and supported by large upright timbers; that the respondent was summoned to the shingle mill on the second floor, where the boxing on the shaft at the clutch pulley had become heated from want of oiling; that he first attempted to apply oil and tallow by reaching around the upright timbers; that the pulley by its rapid revolutions created a current of air, threw dust into his eyes, and interfered with his work; that he then passed to a position back of the upright timbers, where he approached the shaft and pulley from the opposite side, thus avoiding the current; that the pulley was then revolving upon his right, and that some unguarded set screws upon its surface caught his clothing and drew him against it and the shaft, causing his injuries. The respondent testified that he had not theretofore done any work in the shingle mill located on the upper floor; that his usual employment was in the sawmill on the lower floor; that he was not aware of the existence of the projecting and unguarded set screws; and contends that the appellant was guilty of negligence in failing to guard them. There was other evidence tending to show that they were afterwards guarded. The appellant contends that the pulley and set screws, by their location in a remote and unfrequented portion of the mill, did not require guarding, and that they could not be more advantageously guarded than by being in such a position.

By its first assignment the appellant insists that the trial court erred in refusing its motion for a nonsuit. There is

evidence, although disputed, sufficient to show that the set screws were exposed, dangerous, and unguarded; that the respondent was ignorant of their existence; that they and the pulley could have been advantageously guarded without impairing their use, and that they were the cause of the accident. While there was also evidence sufficient to sustain the jury in finding the respondent guilty of contributory negligence, it was disputed and not of such a character as to justify the trial court in holding him guilty of such negligence as a matter of law. The questions as to whether the pulley and set screws could have been advantageously guarded, whether appellant was negligent in failing to guard them, whether being advantageously guarded by their position the respondent assumed the risk, and whether he was guilty of contributory negligence, were all issues of fact which were properly submitted to the jury.

The appellant contends that, in going back of the shaft and upright timbers, the respondent selected an unsafe position; that the place occupied by him where he first attempted to do the oiling was safe, and that the trial court erred in refusing an instruction which appellant requested, in the following words:

"If you find that there were two or more methods in which the plaintiff could have performed the services in which he was engaged at the time he was injured, one a safe method and the others unsafe, I charge you that it was the duty of the plaintiff to have followed the safe method, and if you should find that he did not do so, and the injury resulted therefrom, then the verdict must be for the defendant."

Not only was this request refused, but no other instruction was given upon the same subject. We are in considerable doubt as to whether there was evidence to warrant any instruction on the point involved, but assuming the evidence was sufficient, the requested instruction being defective was properly refused.

In *Hoffman v. American Foundry Co.*, 18 Wash. 287, 51 Pac. 385, it appeared that there were two methods by which

the plaintiff could have done his work, one safe and the other dangerous, and that he voluntarily chose the latter. This court said:

"The rule is well settled that where there are two methods by which a service may be performed, one perilous and the other safe, an employee, who voluntarily chooses the perilous rather than the safe one, cannot recover for an injury thereby sustained. Bailey, Master's Liability for Injuries to Servant, p, 161, and authorities cited."

See, also, *Beltz v. American Mill Co.*, 37 Wash. 399, 79 Pac. 981; *Stratton v. Nichols Lumber Co.*, 39 Wash. 323, 81 Pac. 831, 109 Am. St. 881; *Bundy v. Union Iron Works,* 46 Wash. 231, 89 Pac. 545.

In each and all of the above cases the undisputed physical conditions disclosed two methods in which the plaintiffs could have performed their respective tasks, the one safe and the other dangerous, and that they voluntarily selected the latter. They were held guilty of contributory negligence as a matter of law. Such is not the situation here. The evidence in this case does not without dispute disclose such physical conditions as to necessarily show a safe and also an unsafe method. In fact it strongly tended to show that, by reason of the unguarded set screws, either method was beset with danger, and that with guarded set screws both would have been safe. How could the respondent have voluntarily selected an unsafe in preference to a safe method if he did not know that the one was without hazard while the other was dangerous? The requested instruction was too broad. It should have been so restricted in its scope as to further instruct the jury that, if they should find from the evidence that the respondent actually knew or, in the exercise of due caution, should have known, that one of the two methods was safe and the other unsafe, and that if they should further find he voluntarily selected the latter, they could then find him guilty of contributory negligence. Although an employee having knowledge of his opportunities must select a known safe method in preference

to one known to be unsafe, yet to hold him guilty of contributory negligence, it must appear that he not only makes a voluntary selection of the unsafe method but that in doing so he knows, or in the exercise of due caution should know, that a safe method is available. The requested instruction was defective in that it failed to so inform the jury, and was properly refused.

The appellant in further support of its request for the instruction also contends that, by using a convenient lever, the respondent could have released the friction from the clutch pulley, thus causing its outer portion which carried the set screws to cease revolving, and that he would then have been free from danger. Such a proceeding would have stopped the machinery in the shingle mill, and there was evidence that it was not the custom to close down the mill when oiling was to be done, but that on the contrary the respondent's instructions were to keep it running. Moreover, in making this contention, the appellant assumes that the respondent had knowledge of the set screws, which he denied.

Having refused to give the instruction in the form requested, the trial judge committed no prejudicial error in failing to prepare and give an instruction upon the same subject. Moreover the appellant's assignment of error is based upon the refusal of the one requested, and not upon the failure to give another in its place.

"To entitle a party to an instruction asked, it must be correct as an entirety. If not correct in all its parts, both as to law and facts, it may properly be refused, although the court may at its option comply with the request so far as it is correct. . . . Nor is the court bound to modify, limit, or qualify an instruction so as to remedy its defects and remove its infirmities. It may refuse the request entirely, and leave the party to assume the hazard of its entire correctness." 11 Ency. Plead. & Prac., pp. 234, 236.

See, also, *Howe v. West Seattle Land & Imp. Co.*, 21 Wash. 594, 69 Pac. 495.

The appellant further contends that the trial judge erred in refusing an instruction requested by it under the factory act of 1905, as to the character of machinery requiring safeguards. The instruction requested was argumentative and therefore objectionable. The trial judge, however, fully instructed the jury upon the same points in a clear, comprehensive, and impartial manner, and no prejudicial error was committed in refusing the one requested.

The judgment is affirmed.

HADLEY, C. J., ROOT, MOUNT, and FULLERTON, JJ., concur.