[No. 7194.  Decided April 24, 1908.]

WILLIAM H. HARRIS, *Respondent*, v. WASHINGTON PORTLAND
CEMENT COMPANY, *Appellant*.[1]

MASTER AND SERVANT — INJURIES TO SERVANT — KNOWLEDGE OF
DANGER—EVIDENCE—QUESTION FOR JURY. The positive statements of
an employee that he did not know of the danger from an effort
being made to raise a water gate, are not overcome by proof of
minor facts which he might have noticed and indicating to him
that such attempt was being made, considering his position and the
roar of the water, and the question is therefore for the jury.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE. It is harmless
to exclude a question on cross-examination as to the time a certain
event had taken place, where it had been in substance answered
many times by the witness.

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS—
RELEVANCY. An instruction that plaintiff cannot recover if he vol-
untarily adopts an unsafe method where there was a safe way, need
be given only where there are obviously two ways of doing the act.

Appeal from a judgment of the superior court for Skagit
county, Joiner, J., entered July 15, 1907, upon the verdict
of a jury rendered in favor of the plaintiff, in an action for
personal injuries.  Affirmed.

*R. S. Eskridge, Philip Tindall,* and *Smith & Brawley,* for
appellant.

*Robert H. Lindsay* and *Frederick R. Burch,* for respond-
ent.

MOUNT, J.—The plaintiff in this case recovered a judg-
ment for $8,000, for the loss of a leg, alleged to have been
caused through the negligence of the defendant.  The case
was tried to a jury.  At the close of the plaintiff's evidence
the defendant's counsel moved for a directed verdict upon
the ground of the insufficiency of the evidence, and at the
close of all the evidence a similar motion was made.  These

[1]Reported in 95 Pac. 84.

motions were denied, and the case was submitted to the jury. The evidence shows that the plaintiff was directed to assist in raising a gate in order to let a large body of water escape from a flume; that while he was so engaged at the lower outside part of the gate, and in a dangerous position, the appellant's foreman, who knew of his position and without notice to the respondent, suddenly raised or caused the gate to be raised from the inside, thereby precipitating a large body of water onto the respondent and causing his injury.

The main question of fact in the case was whether the respondent knew, or ought to have known, that an effort was being made to raise the gate from the opposite side. A careful reading of the evidence convinces us that this was a question for the jury. It is not claimed that the jury was not properly instructed upon this question, but it is urged that the question was one for the court. The plaintiff's testimony clearly made out a case. There were some minor facts, such as that the end of a board projected through under the gate, which board might have been seen by the respondent, and which would have indicated to him that others were attempting to raise the gate; but when we consider his position, the rush and roar of the water, and all his surroundings, such facts are not sufficient to overcome his positive statements. We think the court properly denied both motions.

In the course of respondent's cross-examination he was asked this question: "Mr. Harris, will you state positively that Mr. Bush did not have time to walk back to the pressure box and get half way back with the peavey between the time the plank was put through and the happening of the accident?" An objection was sustained to this question. Both before and after this question was put to the witness, he testified that he could not fix any length of time between these events. "It happened quicker than I can tell you;" "instantaneous," and like expressions were used. While the exact question was not answered by the witness, it was answered many times in substance, and the error, if any, was thereby cured.

Appellant also requested an instruction to the effect that, if in doing his work two methods of procedure were open to respondent, one of which was safe and the other unsafe, and he voluntarily adopted the unsafe method, he could not recover. This instruction was refused, and appellant argues that this ruling was error. The rule is correctly stated and should be given in cases to which it applies, but it applies only to cases where there are obviously two ways of doing a certain act, one way safe and the other way obviously dangerous, and the servant voluntarily elects the dangerous way. *Ramm v. Hewitt-Lea Lumber Co.*, ante p. 263, 94 Pac. 1081. We find nothing in the record in this case to bring the respondent within the rule requested. The instruction, therefore, would tend to confuse rather than enlighten the jury, and it was not error to refuse the instruction.

We find no error in the record. The judgment must therefore be affirmed.

HADLEY, C. J., ROOT, CROW, FULLERTON, RUDKIN, and DUNBAR, JJ., concur.