[No. 9766.  Department Two.  October 24, 1911.]

CELESTINO SEGHETTI, *Respondent*, v. EATONVILLE LUMBER COMPANY, *Appellant*.[1]

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—ADOPTING UNSAFE METHODS. An operator of a resaw is guilty of contributory negligence, as a matter of law, where, instead of using a stick or stopping the cogs with a lever, a safe way provided by the master for the removal of a splinter, well known to him and which would have taken but a few seconds, he voluntarily took up an unsafe position and attempted to remove the splinter with his hand.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered January 28, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee in a sawmill.  Reversed.

*Hudson & Holt*, for appellant.

*Stevenson & Sorley*, for respondent.

MORRIS, J.—Respondent was injured by having his right hand caught in the cogs of a resaw machine which he was operating.  He brought this action under the factory act, and the appeal is taken from a judgment in his favor.

Respondent had worked at this resaw for some time prior to his injury, and was familiar with its operation.  Like all resaws, there was a tendency on the part of the rolls to clog

[1]Reported in 118 Pac. 310.

with sawdust and small splinters. When so clogged, two means were provided to overcome the difficulty: first, a stick with which the operator could brush it away; or, when the splinter was too large to be removed by the stick, or should get caught between the rolls, there was a small lever which, by pressure from the hand or foot, would stop the cogs operating the rolls in a few seconds. The machine was of the horizontal type and of the latest and most improved pattern, being so constructed that the cogs and rolls ran independently of the rest of the machine.

At the time of the injury, a splinter caught in the rolls, and respondent, without attempting its removal with the stick, or, in case he thought it too large to be so removed, operating the lever and stopping the rolls, stepped over a twelve-inch plank running along the floor, which was one of the devices employed to keep operators from coming in contact with the machinery, and standing on an iron screw in the tension wheel, about two inches in diameter, balanced himself with his left hand on a small wheel, or on a part of the framework of the machine, it is not clear which, then leaned over and attempted to remove the splinter with his right hand. While so attempting, he says there was a jerk and his hand was thrown into the cogs. The defense was contributory negligence, and a plea of the voluntary performance of the act in an unsafe and dangerous manner, when the master had provided a safe way well known to the servant. At the conclusion of the testimony, appellant submitted its defenses to the court upon its challenge to the sufficiency of the evidence, and the court's refusal of its motion to dismiss is urged as error.

Without attempting a discussion of all the points suggested by counsel on the appeal, it is clear to us that there is one controlling point which necessitates a reversal of the judgment. The master had provided the servant with a safe and simple way to do the thing he attempted to do. He could stop the cogs and rolls in from five to fifteen seconds,

without interfering with the other movements of the machine or the rest of the machinery in the mill. This was well known to the appellant. He had often used the lever to stop the cogs and rolls. He did not do so this time because he was in a hurry and thought he could do it quicker in the way he attempted. His voluntary choice of an unsafe and dangerous way, instead of the safe and simple way provided for his protection, stamps his act with negligence, and exonerates the master from any liability for his consequent injury. The principle here invoked that, where the master provides a safe way to do the work, which is known to the servant, and the servant voluntarily neglects to make use of the safe way, but chooses instead a dangerous way and is thereby injured, there can be no recovery, is so well known as to require neither argument nor citation to sustain it. Among the decisions from this court announcing this rule is *Beltz v. American Mill Co.*, 37 Wash. 399, 79 Pac. 981, a similar accident from a like attempt to remove sawdust from a resaw with the hand where a method had been provided for stopping the machine. The injured servant was there held guilty of contributory negligence. In that case it took some time after cutting off the power to stop the saw which inflicted the injury, on account of its velocity. In this case it was only a matter of a few seconds to stop the cogs which inflicted the injury. Other controlling cases are: *Bailey v. Mukilteo Lumber Co.*, 44 Wash. 581, 87 Pac. 819; *Hunter v. Washington Pipe & Foundry Co.*, 43 Wash. 167, 86 Pac. 171; *Bundy v. Union Iron Works*, 46 Wash. 231, 89 Pac. 545.

The cases relied upon by appellant involving the question of custom have been considered. They are not authoritative upon the point here involved. Appellant's challenge should have been sustained, and its motion to dismiss granted.

Judgment reversed, and the cause remanded with instructions to dismiss.

DUNBAR, C. J., CROW, ELLIS, and CHADWICK, JJ., concur.