[No. 10535.   Department One.   December 27, 1912.]

JENS GORDON, *Appellant*, v. BALLARD LUMBER COMPANY,
*Respondent*.[1]

MASTER AND SERVANT—METHODS OF WORK—CONTRIBUTORY NEGLI-
GENCE—EVIDENCE—SUFFICIENCY.  An employee assisting in loading
lumber by attaching skidding tongs to timbers, is guilty of con-
tributory negligence, as a matter of law, precluding recovery for
injury to his hand, drawn into a block when he took hold of the
wrong cable to slacken it, where, if he had looked he could have seen
that it was the wrong cable, and would not have been injured but
for his own mistake.

Appeal from a judgment of the superior court for King
county, Ronald, J., entered February 2, 1912, upon with-
drawing the case from the jury, dismissing an action for per-
sonal injuries sustained by an employee in a sawmill.   Af-
firmed.

*Martin J. Lund*, for appellant.

*Ballinger, Battle, Hulbert & Shorts*, for respondent.

PARKER, J.—This is an action to recover damages for per-
sonal injuries, which the plaintiff alleges resulted to him from
the negligence of the defendant while he was in its employ,
assisting in loading lumber upon a flat car from a platform at
defendant's sawmill, in Ballard.   At the close of the plain-
tiff's evidence introduced upon the trial, the court withdrew
the case from the jury and rendered judgment in favor of the
defendant, upon the ground that the plaintiff's injuries were
the result of his contributory negligence.   From this dispo-
sition of the case the plaintiff has appealed.

The controlling facts bearing upon the question of appel-
lant's contributory negligence may be summarized as follows:
At the time appellant was injured, he had been employed by
respondent about ten days.   He is a Norwegian, and his
knowledge of English is so deficient that it was necessary to
give his testimony through an interpreter.   He was some-

[1] Reported in 128 Pac. 1053.

what inexperienced in the work he was then doing; otherwise, he is apparently a man of average intelligence, and seems to have fully understood the danger attending the act which respondent's attorney claimed constituted his contributory negligence. He is forty-one years old. As the sawed lumber comes from respondent's mill, it is placed upon a platform adjoining a railway track, for loading upon cars. A derrick is maintained by respondent and used for loading lumber upon cars from this platform. The power is supplied by an engine situated some 25 feet from the foot of the derrick. From the engine a cable runs through blocks at the foot and top of the mast of the derrick and the outer end of the boom, from where it falls and runs through a block to which tongs are attached, then back through another block near the outer end of the boom, from where it again falls to the lower block to which it is made fast. Thus there are three lengths of the cable running from the block at the outer end of the boom down to the lower block to which the tongs are attached. These tongs are such as Webster's New International Dictionary terms "skidding tongs," and they grapple an object in the same manner as ordinary ice tongs.

It was the duty of appellant to attach the tongs to lumber upon the platform; when, upon signal, the power would be applied to the cable, the lumber hoisted, and the boom swung around to where the lumber would be lowered into place upon the car. At the time of his injury, appellant had attached the tongs to a large sawed timber preparatory to hoisting it, when one of the workmen noticed that the tongs were not attached to the proper place on the timber, and called appellant's attention to it. Appellant then attempted to change the tongs, and in doing so, it was necessary to slacken the cable. For that purpose he took hold of the cable with a view to pulling it back through the lower block, which he could have done with safety if he had taken hold of the cable on that side of the block where the cable runs away from it when the power is applied; but he took hold of the cable on that side

where it runs towards and through the block when the power is applied. While he had hold of the cable in this manner, the power was applied to the cable and appellant's hand pulled into the block and severely injured.

A drawing of the tackle, made by appellant himself, which quite plainly shows the blocks at the outer end of the boom and the three lengths of the cable falling therefrom to the lower block, renders it quite plain that the safe and proper place to take hold of the cable to slacken it could be ascertained at a glance. It is also plain that, not only was it dangerous to take hold of the cable as appellant did, but he could not by pulling upon the cable at that point slacken it, as pulling by such a hold would have the opposite effect. Bearing upon appellant's knowledge of the danger attending the taking hold of the cable as he did, he testified as follows:

"Q. How far was your hand from the block when you had hold of the cable? A. About five or six inches. Q. When the power was put on and they started to hoist that pulled your hand into the block? A. Yes. Q. So that if you had taken hold of the right rope when the derrick started to pull, it would have pulled your hand away from the block, wouldn't it? A. Yes. Q. So you made the mistake in grabbing hold of the wrong line, didn't you? A. When you are stooping over and making a grab it is hard to pick the right rope. Q. But if you had looked up there, overhead, you could have seen the right one? A. Yes, if I had. Q. When you got hold of the wrong one, why did you hold on to it? A. I was going to get slack. Q. The reason you did not take hold of the right rope was because you did not look to see which one you did take hold of? A. I did not happen to look up—I thought I had the right one. Q. You knew the one that you took hold of would be the one that would pull through the block if the hoist started? A. Yes, if I had looked up. Q. If you had looked you would have known that your hand was on the cable that might carry your hand into the block? A. Yes, I would have seen it if I had looked. Q. If you had not made that mistake, you would not have been hurt, would you? A. If I had got hold of the other I would not have been hurt."

It seems to us that appellant's own testimony conclusively shows that he was guilty of contributory negligence. He even went further than merely choosing a dangerous method when a safe one was open to him, for he chose a method to slacken the cable which under no circumstances could have become effective, since the taking hold of the rope as he did, had he succeeded in pulling it and the power had not been applied, would have raised the tongs instead of lowering them as it was necessary to do in order to attach them at another place on the timber. The principle upon which the following cases were decided by this court we think supports this view: *Hoffman v. American Foundry Co.*, 18 Wash. 287, 51 Pac. 385; *Beltz v. American Mill Co.*, 37 Wash. 399, 79 Pac. 981; *Laidley v. Musser Lum. & Mfg. Co.*, 45 Wash. 239, 88 Pac. 124; *Bundy v. Union Iron Works*, 46 Wash. 231, 89 Pac. 545; *Ryan v. Northern Pac. R. Co.*, 53 Wash. 279, 101 Pac. 880; *Frengen v. Stone & Webster Eng. Corp.*, 66 Wash. 204, 119 Pac. 193.

The majority opinion in the last cited case does not seem to rest upon the theory of contributory negligence, though Justice Ellis concurs solely upon that ground. The manner in which the plaintiff in that case took hold of the cable was almost identical with that here involved. Counsel for appellant place their principal reliance, so far as the question of contributory negligence is concerned, upon the decision in *Dossett v. St. Paul & Tacoma Lum. Co.*, 40 Wash. 276, 82 Pac. 273. We think, however, that case may be distinguished from this, in that there was some evidence there to the effect that it was customary to do the act which the plaintiff there did, which act was relied upon by the mill company as contributory negligence on the part of the plaintiff. Under the circumstances shown, the court was of the opinion that it became a question for the jury. We are of the opinion that undisputed facts here shown by appellant's own testimony conclusively show that his contributory negligence was such as to prevent his recovery in this case.

We conclude that the judgment of the learned trial court must be affirmed. It is so ordered.

MOUNT, C. J., CHADWICK, and CROW, JJ., concur.