[No. 10871.   Department Two.   February 21, 1913.]

PAUL F. MATHIS, *Respondent*, v. WESTERN FURNITURE
MANUFACTURING COMPANY, *Appellant*.[1]

EVIDENCE—DEMAND OF COPY OF WRITING PLEADED—MASTER AND
SERVANT—NOTICE UNDER FACTORY ACT—PROOF. Rem. & Bal. Code,
§ 284, providing that it shall not be necessary to plead a copy of an in-
strument of writing or the items of an account alleged but precluding
evidence thereof if the copy be not furnished upon demand, has no
application to a copy of the notice of the time, place, and injury
required by the factory act to be given to an employer upon an in-
jury to a servant on unguarded machinery, which is merely a con-
dition precedent to action, and not the basis of the liability.

MASTER AND SERVANT—INJURY TO SERVANT—UNGUARDED SAW—CON-
TRIBUTORY NEGLIGENCE—PROXIMATE CAUSE. Contributory negligence
is not the proximate cause of an injury sustained on a saw which
was not guarded as required by the factory act, where the plaintiff
was operating the saw in the usual manner and would not have
been injured if it had been properly guarded.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. Damages in
the sum of $3,250, for a painful cut of a thumb, lacerating the flesh,
injuring the bone and resulting in a stiff thumb and partial loss
of use, are excessive and should be reduced to $1,000.

Appeal from a judgment of the superior court for King
county, Gay, J., entered April 27, 1912, upon findings in
favor of the plaintiff, in an action for personal injuries sus-
tained by an operator of a planer, after a trial to the court.
Modified.

*Ballinger, Battle, Hulbert & Shorts*, for appellant.

MORRIS, J.—Action under the factory act to recover dam-
ages for injury alleged to have been sustained because of ap-
pellant's failure to guard a jointer or buzz-planer.

The appeal presents three questions.   It is first urged
that respondent was precluded from giving evidence of the
service of the notice required by the act, because he did not
serve a copy thereof upon appellant's attorneys within ten

[1]Reported in 130 Pac. 94.

days after demand for same.  In support of this claim of error, appellant relies upon the provisions of § 284, Rem. & Bal. Code, reading as follows:

"It shall not be necessary for a party to set forth in a pleading a copy of the instrument of writing, or the items of an account therein alleged; but unless he file a verified copy thereof with such pleadings, and serve the same on the adverse party, he shall, within ten days after a demand thereof in writing, deliver to the adverse party a copy of such instrument of writing, or the items of an account, verified by his own oath, or that of his agent or attorney, to the effect that he believes it to be true, or be precluded from giving evidence thereof.  The court, or judge thereof, may order a further account, when the one delivered is defective; and the court may, in all cases, order a bill of particulars of the claim of either party to be furnished."

This section has no application to actions brought under the factory act.  Its manifest purpose is to embrace cases where the action is founded upon a written instrument or items of an account are put in issue.  The notice required by the factory act to be given of the time, place and cause of injury complained of is not an instrument in writing within the meaning of § 284.  The right of action does not accrue upon the notice, but on the failure to properly guard.  The giving of notice is simply a condition precedent to the commencement of action, while the written instrument or items of an account referred to in ·§ 284 embrace the right of action itself and not any precedent condition to the right to commence suit.  The object of the statute requiring the service of a copy of a written instrument or items of an account is to enable the defendant to protect himself against surprise on the trial.  *Turner v. Great Northern R. Co.*, 15 Wash. 213, 46 Pac. 243, 55 Am. St. 883.  This object is fully complied with when the notice required by the factory act is served. That it was served in· this instance can hardly be doubted.

It is next urged that respondent's contributory negligence, and not the failure to guard the knives of the jointer,

was the proximate cause of the injury; citing *Laidley v. Musser Lumber & Mfg. Co.*, 45 Wash. 239, 88 Pac. 124, where it was held there could be no recovery for injuries sustained by an experienced sawyer by reason of his contributory negligence where he attempted to pull a piece of lumber out of a clogged up chute and gave it a jerk, causing it to suddenly give way and bring his arm in contact with a moving saw. The cases are not at all similar; in the *Laidley* case, it was not the failure to guard the saw that caused the injury, but the negligent act of shoving the arm into the clogged chute and jerking the arm up against the saw. Had the plaintiff in that case been operating his machine in the usual manner, he would not have been injured. In this case, respondent was injured while operating the machine in the usual manner, and received an injury which, had the machine been properly guarded, could not have happened. There is a plain distinction between the two cases.

The last contention is error in the assessment of damages. The case was tried by the court without a jury, and $3,250 awarded as damages. This amount is said to be excessive for the injury sustained. The injury was the cutting of the thumb on the right hand, lacerating the flesh and so injuring the bone that the result is a stiff thumb down to the first joint. We have no doubt the injury was a painful one, and that respondent will be handicapped because of his stiffened joint, resulting in a partial loss of the use of the thumb. Such an injury, however, does not warrant a judgment of $3,250. What would be a proper sum is difficult of ascertainment, and for this reason appellate courts on such an assignment of error give great weight to the verdict of a jury or the findings of a court. It is, however, as much our duty to set aside such a verdict or finding when we believe it to be unjust, as it is to give heed to any other prejudicial error, and we cannot escape this duty much as we dislike it. This award seems to us unreasonable and unjust, and respondent must accept a reduction to the sum of $1,000 or submit to a new trial.

If within twenty days from the going down of the remittitur respondent accept such a reduction the judgment so modified will stand, otherwise a new trial is ordered. The other assignments of error are overruled and as so modified the judgment will stand.

CROW, C. J., MAIN, ELLIS, and FULLERTON, JJ., concur.