[No. 896.  Decided June 30, 1893.]

F. M. DUGGAN, *Respondent*, v. THE PACIFIC BOOM COMPANY AND ADOLPH BEHRENS, *Appellants*.

CORPORATIONS — UNAUTHORIZED ACTS — ESTOPPEL — INSTRUCTIONS.

In an action upon a note of a corporation signed in its name by its president and secretary, but for which there was no express authorization of the company, the company is estopped from asserting that the officers acted outside of their authority, when all the business of the company, including the making of numerous notes of the kind in question, had been for a long time transacted by said officers, and informally ratified by the company by its action in paying the same, no fault ever being found with the action of such officers in so conducting the business.

Where an instruction, taken altogether, fairly informs the jury of the law, it will be upheld, although separate clauses in themselves may be misleading.

Although a defendant may be entitled to have a certain requested instruction given for the purpose of making more definite a matter touched upon by the court in its charge, yet, if he embodies with that instruction other matter that is improper, it is not error for the court to refuse to give the instruction as a whole.

*Appeal from Superior Court, Skagit County.*

*Dunning, Richards, Murray & Pratt*, for appellants.
*Million & Houser*, and *D. H. Hartson*, for respondent.

The opinion of the court was delivered by

HOYT, J. — This action was brought to cover an amount alleged to be due upon a note purporting to be that of the appellant, the Pacific Boom Company. It was signed in its name by its president, and secretary and treasurer. The defense of the appellant was that the officers of the company who executed the note were not authorized so to do by any formal action on the part of the board of trustees, nor had there been a ratification of their action by the

| 6 | 593 |
| 7 | 489 |
| 34* | 157 |
| 35* | 377 |
| 6 | 593 |
| 11 | 416 |
| 34* | 157 |
| 39* | 673 |
| 6 | 593 |
| 13 | 603 |
| 6 | 593 |
| 26 | 686 |
| 6 | 593 |
| 30 | 34 |
| 31 | 19 |
| 6 | 593 |
| 33 | 489 |

company.   And further, that at the time such note was given, the company was not indebted to the plaintiff, and that there was no consideration therefor.

Upon the question as to the authorization of the officers to execute the note, it appeared from the undisputed proofs in the record that there was no express authorization or ratification of such action on the part of the company. It, however, appeared that all the business of the company, including the making of numerous notes of the kind in question, had been for a long time transacted by said officers, and informally ratified by the company by its action thereon in paying the same, and in other respects. The record shows that not only had this been occasionally done, but that such was the universal course of business with the company.   From such proofs it appears that to all intents and purposes the business of the company had been transacted by the two officers who signed the note in question, and that, although this course of business had been continued for a long period, no fault had ever been found with the action of these officers in so conducting the business.

Under these circumstances we think that the jury were justified in finding that the company was estopped from asserting the fact that the officers, in executing the note in question, acted outside of their authority as such.   And in our opinion the instruction of the court upon this subject fairly submitted this question to the jury, for while it is true that there seems to be no affirmative proof to justify the court in saying that the company would be estopped under the circumstances shown by the record if the plaintiff relied upon such practice and custom, yet we think that under the circumstances proven there arose from the course of practice a presumption that all who dealt with the company relied thereon, and that for that reason that part of the instruction had a foundation in the proofs, and if it

did have, it is conceded by the appellant that the law of
the case was fairly expressed therein.

There are two other exceptions which it is necessary to
notice, and they may well be considered together.

The court instructed the jury as follows:

"Now, I instruct you, as a matter of law, the taking of
a note from a third person, as in this instance, the taking
of the note of Mr. Behrens by Mr. Duggan at the time of
delivering up the first note, is not in itself a payment of
the debt; but the fact that the plaintiff had a note of the
company and delivered that up and took Mr. Behrens'
note is a circumstance which you can take into considera-
tion in arriving at the question of whether Mr. Duggan re-
leased the boom company and took Mr. Behrens for the
debt, and it is for you to determine, gentlemen of the jury,
under all the evidence and the instructions given you by
the court, whether Mr. Duggan accepted Mr. Behrens and
released the boom company from this obligation.    If Mr.
Duggan, in accepting the note of Mr. Behrens, did not re-
lease the boom company, as I have instructed you before,
it is not a payment of the debt, and, consequently, the
boom company would be liable upon the note, if you find,
under the evidence and the instructions of the court that
this note has been legally executed."

To the giving of this instruction the appellant excepted.
The court also refused to give the following instruction
asked for by the appellant:

"The taking of Behrens' note and surrendering the
company note was presumptive evidence of payment and
extinguishment of the original debt between plaintiff and
the Pacific Boom Company.    If you believe from the evi-
dence that the note sued upon was given in payment or ex-
change for the private debt of A. Behrens, then you are
instructed that such a transaction was unlawful so far as
this company was concerned, and your verdict should be
for the defendant Pacific Boom Company."

The instruction given, when fairly construed and taken
altogether, does not so misstate the law as to lead us to

believe that the jury were misled thereby.    It is true that
the clause, "The taking of the note of Mr. Behrens by
Mr. Duggan at the time of delivering up the first note, is
not in itself a payment of the debt," if unexplained, would
be erroneous, but such language, when taken in connection
with that of the remainder of the instruction, fairly con-
veyed to the jury the idea of the court that such fact alone
did not conclusively show a payment of the original debt.
And thus interpreted it stated the law of the case.

There are a few cases going to the extent of holding
that the taking of a note of a third person from a debtor
is conclusive evidence of the payment of the debt when
such debtor does not endorse the note of such third person,
but the weight of authority is in favor of the proposition
that the intent of the parties at the time of the transaction
must govern, and if it appears that at the time such note
was taken it was not the intent of the parties that it should
be received as an absolute payment of the existing in-
debtedness, then in case of the non-payment of such note
the payment of the original indebtedness could be enforced.
Taking the whole instruction under consideration together,
we think the jury were sufficiently informed of this rule of
law.    If the appellant had desired that the instruction
should be more definite as to any particular point, it should
have requested a proper instruction in regard thereto.
This it attempted to do as to one particular point in the
request above set out, and had it been content with asking
the court to give the first clause of such instruction it
would have probably been entitled to have had the same
given to the jury, as the giving thereof would have made
more certain the intention of the court in the instruction
which we have been considering.    Appellant, however,
saw fit to couple this clause with another, which, in our
opinion, it was not entitled to have given to the jury, and
embody both clauses in a single instruction, and having

done so it cannot now avail itself of an exception to the refusal of the court to give such instruction as a whole. The latter part of the instruction so requested ignores the fact that a proper consideration might have moved at the time of the execution of the new note from Behrens to the company, and that for that reason the note be given not for the accommodation of Behrens but for the accommodation of the company, and in the prosecution of its own business in the manner in which the proofs show it had been accustomed to do it.

We find no error in the record of sufficient magnitude to justify a reversal of the judgment, and it must, therefore, be affirmed.

DUNBAR, C. J., and STILES, ANDERS and SCOTT, JJ., concur.