[No. 6108.   Decided August 8, 1906.]

WILLIAM SMITH, *Respondent,* v. MICHIGAN LUMBER
COMPANY, *Appellant.*[1]

APPEAL — REVIEW — PLEADINGS — AMENDMENT—WAIVER OF OBJEC-
TIONS.   In order for a defendant to allege error in allowing an
amendment to the complaint at the commencement of the trial, on
the ground of surprise, it is not enough to object to the amendment
upon that ground, but it is necessary to apply for a continuance.

APPEAL—RECORD—MATTERS TO BE SHOWN—CONTINUANCE—DENIAL.
A claim of error in refusing to grant a continuance on the ground
of surprise by the allowance of an amendment to the complaint
cannot be reviewed in the absence of the application from the record.

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR
JURY.   Whether a sawyer, injured by the breaking of a saw, was
guilty of contributory negligence or assumed risk is for the jury,
where the testimony was conflicting and not conclusive either way
as to whether the injury resulted from the negligence of an incom-
petent and careless fellow servant.

SAME — FELLOW SERVANTS — EMPLOYMENT OF INCOMPETENT SERV-
ANTS.   The master is liable for injuries caused by plaintiff's fellow
servant, known by the master to be incompetent and negligent,
when the liability rests upon the fact that he was put to work where
his conduct was liable to result in the injury, and not upon the mere
fact of his negligence.

APPEAL—REVIEW—VERDICTS.   The verdict of a jury to the effect
that defects or flaws in a saw might have been discovered by inspec-
tion will not be disturbed on appeal where the evidence was con-
flicting.

TRIAL—INSTRUCTIONS—REQUESTS.   It is not error to refuse in-
structions in the language requested if the material part and the
substance is given in suitable language.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered October 30, 1905, upon the
verdict of a jury rendered in favor of the plaintiff for per-
sonal injuries sustained by the operation of a cut-off saw in a
sawmill.   Affirmed.

*Israel & Agnew,* for appellant.

*Govnor Teats,* for respondent.

[1]Reported in 86 Pac. 652.

FULLERTON, J.—This is an action for personal injuries. The record discloses that the appellant was engaged in the business of operating a lumber mill, and that the respondent was one of its employees. At the time the accident happened which resulted in his injury, the respondent was operating a saw known as the cut-off saw; his duties being to trim and cut into suitable length the dimension lumber as it came from the main saw, and to cut the slabs into pieces so that they could be readily handled by those whose duties were to bear them away. Between the cut-off saw, which the respondent was operating, and the main saw were a set of rollers operated by machinery, called live rollers, onto which the lumber and slabs fell after they left the main saw. The offbearer in charge of these rollers at the time of the accident was a man by the name of Perala or Parella, the name being spelled both ways in the record. His duties were to so operate these rollers as to best facilitate the work of the sawyer operating the cut-off saw, by causing them to roll the lumber and slabs falling on them from the main saw down to the cut-off saw, so that the operator of that saw could conveniently cut them into the required lengths.

At the time of the accident, the timber pieces passing the main saw onto the two rollers were ten inches by ten inches in size and of various lengths. These were being passed down to the cut-off saw two at a time, and the sawyer was expected to cut through both of them with one pull of the saw. At one of such trials the respondent was unable to do this, the saw losing its speed too fast, owing perhaps to the excessive friction, and it was let back so that it might regain its original momentum. At the time of letting the saw back, the respondent gave to the offbearer operating the live rollers what he testifies was the signal to hold them as they were, and again pulled the saw onto the timbers for the purpose of completing the cut. The offbearer at the same time started the live rollers which caused them to carry other timbers against the timbers the respondent was cutting, pushing them against

the saw and causing it to bind and break. The saw broke into three pieces, one of which struck the respondent on the right arm, and so tore and mutilated it as to necessitate its amputation at the shoulder joint.

The grounds of negligence which the respondent set out in his complaint as the proximate cause of the injury were, that the offbearer who started the rollers was incompetent and careless and known to be so by the appellant, and that the cut-off saw was defective in that it had several large flaws in it near the circle of the collar used to fasten it onto its shaft; which flaws, it is alleged, were also known, or with reasonable diligence could have been known, to the appellant. The appellant for answer denied the allegations of negligence contained in the complaint, and for an affirmative defense alleged, that the appellant by the terms of his employment had assumed the risk of injury from the saw; that he was guilty of negligence which contributed to his injury; and that the injury was caused by the negligence of his fellow servant. The affirmative allegations of the answer were put in issue by a reply, and a trial was had, which resulted in a judgment for the respondent in the sum of $3,375.

In his original complaint, the respondent alleged that the name of the offbearer in charge of the live rollers at the time he was injured was ————— Christo, further alleging that his first name was not known by him. When the case was called for trial, the respondent asked for leave to amend the complaint by inserting the true name of the offbearer therein, which he averred was Gust Perala instead of ————— Christo. The appellant objected to the application on the ground of surprise, contending that it had come prepared to defend the case on the theory that Christo and not Perala was the off-bearer alleged to be negligent, and was unprepared to defend against the allegation that Perala was negligent. The court allowed the amendment to be made, and its action in so doing constitutes the first error assigned. The complaint, in addition to giving the name of the off-

bearer, described minutely his several duties, and gave a particular description of the time and place of the accident. It was developed later at the trial, moreover, that the appellant's foreman was at the place of the accident only a short time before it occurred and saw who was offbearing on that particular night; that it had a timekeeper whose duty it was to keep a record of the time of the appellant's several employees; that several of its employees, who appeared as witnesses for it, were present at the time and saw the accident; and that its night foreman arrived there shortly after and assisted in taking care of the injured respondent. In the light of these facts, it would hardly seem that the appellant can be in earnest when it insists that it was misled as to the person intended to be charged with negligence; but if it were true that it was misled, it did not pursue the remedy necessary to make the error available to it on appeal. It was not enough to object to the amendment. It should have asked for a continuance on the ground of surprise, and not having done this it is in no position to complain of the ruling as made. It may be proper to mention that counsel claim that they did apply for a continuance on this ground, which was denied them by the court, and they have gone so far as to assign error upon the refusal of the court to grant a continuance. But the record does not contain the application, nor does it anywhere recite that such an application was made. Under these circumstances we cannot review the ruling.

It is next contended that the evidence shows that the respondent was guilty of negligence contributing to his injury, and that the injury suffered by him was one incident to the nature of his employment, and was a risk assumed by him. On the question whether or not the respondent was guilty of negligence there was a substantial dispute in the evidence. If the respondent's testimony is to be believed, the immediate fault causing the accident was the fault of the offbearer; that he started the rollers in disobedience and in spite of the

signals given him, regarding his own convenience as of more importance than the safety of the respondent. On the other hand, that person says he acted only in obedience of, and in accordance with, the signals given him. The evidence to us does not appear conclusive either way. Under these circumstances the question was for the jury, and the court very properly submitted it to them.

It is said further, however, that the act complained of is the act of a fellow servant, and that the master is not responsible for injuries arising from the negligence of fellow servants. The fact and the general result flowing from the fact are undoubtedly correctly stated. But the respondent nowhere disputes either of these propositions, when stated as general rules. His contention is that the offbearer was careless and negligent in the performance of his duties, a fact known to the appellant but unknown to the respondent, and that, in spite of its knowledge, the appellant put the offbearer to work at a place where his carelessness and negligence was liable to result in injury to the respondent, without informing him of his danger. And it is on the proof of these facts that the respondent bases his right to recover, not on proof of mere negligence alone on the part of a fellow servant. Whether or not he proved them was a question for the jury. He introduced substantial evidence in their support, and the ascertainment of that fact precludes any further inquiry on the part of this court.

It is contended, also, that the respondent failed to prove that the defects in the saw were known to the appellant, or could have been ascertained by it by the exercise of reasonable diligence. It is true that certain witnesses for the appellant did testify that flaws, such as were shown to exist in this saw, would not be visible until after the saw was broken, and could not be ascertained by any of the ordinary tests. But there was evidence, also, to the contrary, and the question was one, moreover, on which the jury were at liberty to determine from the whole of the evidence, a part of which

were some of the broken pieces of the saw itself. The jury were therefore at liberty to find for either party on this issue, and their verdict would have been conclusive upon us, no matter in whose favor they actually found.

The appellant submitted a number of instructions, which it requested the court to give to the jury. These were not given as submitted, and error is predicated thereon. A comparison of the instructions given with the instructions requested, however, shows that all that was material in the requested instructions were included in the instructions as given. This is sufficient to satisfy the rule. The court is not obliged to give a requested instruction in the language of counsel, even though the request may be couched in proper language and be otherwise proper in itself. It is enough if it gives the substances of the request in suitable language of its own choosing. In this case the charge of the court covered the law of the entire case, and was rather a model of brevity and clearness. The jury could not have been better informed had the court substituted for it the charge prepared by the appellant.

The judgment is affirmed.

MOUNT, C. J., CROW, RUDKIN, and DUNBAR, JJ., concur.