[No. 13764. Department One. April 12, 1917.]

RUDOLPH NOLLMEYER, *Respondent*, v. TACOMA RAILWAY &
POWER COMPANY, *Appellant*.[1]

CARRIERS—SETTING DOWN PASSENGERS—NEGLIGENCE—INSTRUCTIONS.
In an action for personal injuries received by a passenger in alight-
ing from a street car, an instruction that the burden was upon the
plaintiff to establish that he was thrown from the car substantially
in the manner charged in the complaint, that is, by reason of the
negligence of the conductor in starting the car while plaintiff was in
the act of alighting, carries the implication that he could not re-
cover if plaintiff's injuries were caused by an attempt on his part to
jump from the car while it was in motion, and is as favorable to the
defendant as it had any right to expect, especially where there was
no evidence that the plaintiff attempted to alight while the car was
in motion.

SAME—SETTING DOWN PASSENGERS—CONTRIBUTORY NEGLIGENCE—IN-
STRUCTIONS. In an action for personal injuries sustained by a pas-
senger in alighting from a street car, a requested instruction that
the defendant would not be liable if the plaintiff attempted to alight
from the car while it was in motion, is properly refused, as it is not
necessarily contributory negligence to alight from a moving street
car.

APPEAL — REVIEW — INSTRUCTIONS — REQUESTS. Error cannot be
predicated upon the refusal of a requested instruction unless the in-
struction as requested is substantially correct, and an instruction in
part correct and partly incorrect may be refused as a whole.

SAME. It is not error to refuse to give instructions in the exact
language requested, where they are amply covered in the instructions
given.

SAME — PRESERVATION OF GROUNDS—SPECIFIC OBJECTIONS — HARM-
LESS ERROR. Prejudicial error cannot be predicated upon an im-
proper question and answer to the effect that the plaintiff did not
have the money for a necessary surgical operation, where it was ob-
jected to as incompetent, irrelevant and immaterial and the court
was asked to disregard it, whereupon the court promptly sustained
the objection, and no more specific direction to ignore the answer
was requested; since the error is one that could have been cured by
the proper direction.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered March 18, 1916, upon the ver-

[1]Reported in 164 Pac. 229.

dict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger in alighting from a street car.   Affirmed.

*F. D. Oakley,* for appellant.

*A. O. Burmeister* and *J. H. Gordon,* for respondent.

WEBSTER, J.—This action was instituted by plaintiff to recover damages alleged by him to have been sustained on the 26th day of July, 1915, while attempting to alight from one of defendant's street cars at Klee's Station, in Pierce county.   It is alleged in the complaint that the car upon which plaintiff was a passenger stopped at the above station for the purpose of discharging passengers; and while plaintiff was in the act of alighting, the defendant, through its agents and servants in charge of the car, caused the same to suddenly start and jerk, throwing plaintiff to the ground and causing the injuries of which he complained.   For answer, defendant admitted that plaintiff was a passenger upon its car at the time and place alleged; denied the allegations of negligence set forth in the complaint; and affirmatively pleaded that, if plaintiff sustained any injuries upon the occasion in question, the same were caused by his own carelessness and negligence in that, after the car had stopped at its regular stopping place and had again been started and put in motion, he recklessly and heedlessly undertook to alight or jump therefrom.   The allegations of the affirmative defense were denied by plaintiff, and upon the issues thus joined, the cause was tried to the court and a jury, resulting in a verdict and judgment in favor of plaintiff.   From this judgment, defendant appeals and assigns for error, (1) the refusal of the court to give to the jury certain instructions requested by it, and (2) the refusal of the court to charge the jury to disregard and ignore certain incompetent evidence introduced in behalf of the plaintiff.   Of these assignments in the order stated:

I.   In support of the allegations of his complaint, plaintiff
testified that, as the car upon which he was a passenger ap-
proached Klee's Station, he notified the conductor of his
desire to get off at that point; that he was standing on the
rear platform, and when the car stopped at the usual and
regular stopping place, one Klee preceded him and alighted
safely; that the plaintiff immediately followed, holding to the
handhold with one hand and in the other carrying a basket;
that, as he was in the act of stepping down, the conductor
caused the car to start, throwing him to the ground; that,
when the car was put in motion, he could not hold or balance
himself and "had to kind of jump." This testimony was
amply sustained and corroborated by other witnesses to the
accident.   The court instructed the jury in part as follows:

"The plaintiff claims in his complaint that he started to
alight from the car, and while one foot was on the step of
the car and the other swung outward in the act of alighting,
the car was caused to suddenly start and jerk throwing the
plaintiff to the ground with great force and violence, injuring
and wrenching plaintiff's back and groin, promoting an
inguinal hernia, from which injuries he became weak, sore
and sick and unable to work and perform his usual voca-
tion as a farmer.   That he is still suffering from such in-
juries and that he will continue to suffer from said hernia
for the rest of his life.   He charges further that he was com-
pelled to employ a physician at an expense of fifty dollars;
that he believes an operation will be necessary, at a cost of
three hundred dollars, and on account of the injuries which
he thus alleges he received, he asks damages in the sum of
$2,800.

"The defendant, in answer, denies the statement of the
plaintiff as to the manner of the car being started and in-
juring him, and denies that the plaintiff was injured in the
manner or to the extent, or at all, as alleged by him; and
denies all negligence on its part which in any way contributed
to any injury which he may have sustained.   And for a fur-
ther and affirmative defense, the defendant alleges:   That if
the plaintiff sustained any injuries at the time, place and in
the manner alleged in his complaint, that such injuries were
caused by reason of his own carelessness and negligence in

recklessly and heedlessly undertaking to alight from the car in an improper manner and while the car was in motion, and in failing to exercise his faculties in a way to observe, escape and avoid the risk and danger of his position in attempting to alight from the car while the same was in motion, which was open and apparent to him and which could have been easily avoided had he taken proper care for his personal safety.

"The plaintiff, replying to this answer of the defendant, denies all negligence on his part which contributed to his injury.

"It is the duty of a street car company operating cars within the city or on interurban lines, to use a high degree of care in operating their cars and in stopping at stations, in order that persons getting on or off the car, who are themselves in the exercise of a reasonable degree of care, can do so with safety. And it is the duty of one who is getting on or off a car to use ordinary care for his own safety.

"A street car company is not an insurer of the safety of its passengers, but it is under obligations to use a high degree of care for their safety; and for any injury which a passenger sustains because of the failure of the company operating the car to use this high degree of care, the person so injured has a right of recovery for the injuries he may have received on account of the want of care on the part of the street car company.

"In the case at bar, if you find from the preponderance of the evidence in the case that the plaintiff received some or all of the injuries of which he complains by reason of the negligence of the conductor in charge of the car in starting the car before the plaintiff had completely alighted therefrom, at the time and place charged in his complaint, and you further find that he sustained the injuries of which he complains, or some of them, as the result of that negligence; and you also find from the evidence that the plaintiff himself was guilty of no negligence on his part that contributed to his injury, then I instruct you that your verdict in this case should be for the plaintiff, for such an amount as you think he is entitled to to compensate him for the injury or injuries so sustained.

"If, on the other hand, you find from the evidence that the street car company was not guilty of any negligence what-

ever, which was the proximate cause of such injuries as plaintiff may have sustained at the time in question, if you find that he sustained any injury; or if you find that, although the street car company was negligent in some degree, the plaintiff himself was also negligent in his manner of alighting from the car, and that his negligence was such that it contributed to his injury, then I instruct you that the plaintiff cannot recover and your verdict should be for the defendant; because, in order that a plaintiff may recover damages in such a case, he must have himself been free from any negligent act on his part that contributed to his injuries.

"It was the duty of the street car company in the case now on trial to have stopped its car at 'Joe Klees' Station' a reasonably sufficient length of time to enable all passengers on said car who desired to alight from the car at that place to do so with safety, if they used reasonable care on their part to do so; and if you find that the street car company failed on its part to give the plaintiff a reasonable time to alight from the car before starting the same, then that would be negligence on its part in that regard.

"If you find from the evidence in this case that the plaintiff was standing on the car platform ready to alight therefrom, or was in the act of alighting from the car when the defendant suddenly started the car and threw the plaintiff off in the manner substantially as alleged in his complaint, then the defendant would be liable for the injuries he may have sustained by reason of their having so started the car.

"The burden is upon the plaintiff, not only to show by a fair preponderance of the evidence that he was thrown from the car, substantially as charged in his complaint, but that the injuries he claims to be suffering from, and for which he seeks to recover damages in this case were due to his fall at the time of his getting off the car; and if he fails to satisfy your minds that the injuries of which he complains are the result of this accident, then your verdict should be for the defendant, for he can recover only for the injuries which are the proximate result of his fall from the car, if you find that he did fall and receive injuries. . . .

"In the trial of this case the burden is upon the plaintiff to satisfy you, ladies and gentlemen of the jury, by a fair preponderance of all the evidence in the case, that he received the injuries of which he complains, and that such injuries

were due to the negligence of the persons in charge of the car at the time, and in the manner, alleged in his complaint. However, while you are considering the affirmative defense of the company, that the plaintiff was himself negligent in alighting from the car and that such injuries as he sustained were due to that negligence contributing to his injuries, the burden as to that question, that is, whether or not the plaintiff was guilty of contributory negligence, is upon the defendant to show such contributory negligence."

The foregoing charge to the jury contains a fair, clear and concise statement of the issues involved, and the rules of law applicable thereto are plainly defined with commendable accuracy and brevity. Appellant does not contend that there is any error in the instructions given, but complains of the refusal of the court to give its requested instructions submitting to the jury its theory of the case. The court instructed the jury that the burden was upon the plaintiff to establish by a preponderance of the evidence that he was thrown from the car substantially in the manner charged in the complaint; that is, by reason of the negligence of the conductor in starting the car while plaintiff was in the act of alighting but before he had completely alighted therefrom. This charge carried with it the plain implication that, if plaintiff's injuries were caused by an attempt on his part to alight or jump from the car after it had stopped at the station and had again been put in motion, as alleged by the defendant, the plaintiff could not recover. As we understand the law, this certainly was as favorable to the defendant's contention as it had any reason to expect. Defendant argues, however, that it was not required to rest its defense upon mere inference or implication, however plain, arising from the instructions given by the court, but was entitled to have its version of the accident definitely and specifically submitted to the jury. In our opinion this contention has merit, provided there was any substantial evidence in the case tending to prove the allegations of the affirmative defense; and provided, further, the defendant presented to the court a proper instruction em-

bodying the law applicable thereto, with the request that the court so instruct the jury. A careful examination of the record fails to convince us that there was any such evidence. The defendant offered no testimony in its own behalf tending to prove that the plaintiff attempted to alight from the car after it had been put in motion, and if there is any evidence in the record to that effect, it is found in the testimony of Clyde Boyles, a witness called in behalf of the plaintiff, and we have grave doubt as to whether his testimony tends to prove that, after the car had stopped at the platform and was again started, plaintiff then attempted to jump or alight therefrom. The theory of the defense was that, after the car had stopped and had again been put in motion, the plaintiff undertook to alight; while the theory of the plaintiff was that the car had stopped at the station and, while he was in the act of alighting but before he had completed doing so, the conductor negligently caused the car to start, throwing him to the ground. With this thought in mind, it may seriously be questioned whether the testimony of Boyles tended to support the defendant's version of the accident or was in any manner inconsistent with plaintiff's theory thereof. But granting, for the sake of argument, that his testimony was sufficient upon which to predicate an instruction in line with the allegations of the affirmative defense, it seems to us that the requested instructions did not contain a correct statement of the applicable principles of law.

Of the several requested instructions, the one most favorable to the defendant as being the one more nearly correct is as follows:

"I instruct you that a passenger has no right to alight from a car while it is in motion too great for him to do so in safety, because of the fact that he wishes to alight from the car. This fact would not excuse the passenger taking the risk and danger of alighting from a moving car. It is the passenger's duty to remain on the car until it has come to a standstill, or has slowed down sufficiently to enable him to alight in safety. If you find from the evidence that the plain-

tiff in this case desired to alight from the same and did undertake to alight from the said car while it was moving, the defendant company is not responsible and your verdict must be for the defendant. The defendant company cannot be held liable for mistakes of judgment made by passengers in alighting from moving cars."

By this request the court is asked to charge the jury that it is the duty of the passenger to remain on the car until it has come to a standstill or has slowed down sufficiently to enable him to alight in safety. It is not claimed by the defendant that plaintiff attempted to alight from the car before it had come to a full stop, and this portion of the instruction clearly is not applicable to either the pleadings or the proof. It also requests the court to instruct that, if the plaintiff undertook to alight from the car while the same was in motion, its verdict must be for the defendant. This is not the law. To so charge would be in effect to instruct the jury that it is negligence *per se* for one to attempt to alight from a moving street car, while the overwhelming weight of authority sustains the rule that this is not negligence *per se*, in the absence of circumstances making the attempt so dangerous that it might not be made by a person of ordinary care and prudence having regard for his own safety. The criterion is that, if under all the circumstances as disclosed by the evidence in the particular case, an ordinarily prudent and careful person would reasonably have been warranted in attempting to alight from a moving car, negligence, as a matter of law, will not be imputed to a passenger who pursues that course. As was said by this court in *Brown v. Seattle City R. Co.*, 16 Wash. 465, 47 Pac. 890:

"We cannot announce as a legal proposition that a passenger upon a street railway car may not get off the car when in motion. It would depend entirely, in our judgment, upon the circumstances, that is, the rate of speed, place at which the passenger might attempt to alight, and other things, which would make each case depend upon the particular facts and necessarily, ordinarily, be a question of

fact for the jury to determine whether the act of the passenger was negligent."

It is also well settled that, in order to entitle a party to predicate error upon the refusal of the court to give a requested instruction, such instruction must be substantially correct and such as the court might give to the jury without modification or omission. A party cannot complain that the court did not pause in the midst of a trial and, of its own motion, modify and correct a requested instruction and then give it as corrected. No such duty rests upon the court. An instruction which is in part correct and in other particulars incorrect may be refused as a whole. *Duggan v. Pacific Boom Co.*, 6 Wash. 593, 34 Pac. 157, 36 Am. St. 182; *Howe v. West Seattle Land & Imp. Co.*, 21 Wash. 594, 59 Pac. 495; *State v. Johnson*, 47 Wash. 227, 91 Pac. 949; *Ramm v. Hewitt-Lea Lumber Co.*, 49 Wash. 263, 94 Pac. 1081; *Smith v. Seattle*, 33 Wash. 481, 74 Pac. 674.

We have carefully examined all of the other requested instructions and are satisfied that, so far as they contain correct principles of applicable law, they were amply covered by the instructions given by the court, and when such is the case, it is not error to refuse to give an instruction in the exact language requested. It is sufficient if the substance of the request is correctly covered in suitable language. *Smith v. Seattle, supra; State v. Anderson*, 30 Wash. 14, 70 Pac. 104; *Smith v. Michigan Lumber Co.*, 43 Wash. 402, 86 Pac. 652.

II. The assignment that the court erred in failing to instruct the jury to disregard an improper question and answer when requested so to do by plaintiff, we find to be without merit. The record discloses that, after the plaintiff had testified that he had been advised by a physician that an operation for hernia would be necessary as a result of his injuries, he was asked:

"Q. Have you got the money to have that operation performed? A. No, sir. Mr. Oakley: That is objected to as

incompetent, irrelevant and immaterial, and I ask the court to disregard the answer. The Court: That is immaterial."

Thus it will be seen that plaintiff did not request the court to charge the jury to disregard and ignore the question and answer, and the objection which was interposed was promptly sustained by the court. In the absence of a request for a more specific direction to ignore the question and answer, the statement of the court in the presence of the jury that the evidence was immaterial was sufficient. While the question was improper and should not have been asked, it was not such misconduct as could not have been cured by an instruction to disregard it. The defendant seemed to be content with the action taken by the court upon its objection, and cannot now be heard to complain of a matter which could have been met and corrected if called to the attention of the trial court.

Upon the whole case, we are convinced that there are no errors justifying a reversal of the judgment.

Affirmed.

ELLIS, C. J., CHADWICK, and MAIN, JJ., concur.