[No. 14733. Department Two. August 14, 1918.]

Charles Davidson *et al., Appellants,* v. Noah B. King *et al., Respondents.*[1]

Appeal—Record—Affidavits. Affidavits on motion for a new trial cannot be considered when not made a part of the statement of facts.

Same—Record—Statement of Facts. A statement of facts, certified to be incomplete, and which is not indexed as required by Rule III, will be struck out on motion.

Appeal from a judgment of the superior court for Lewis county, Back, J., entered August 13, 1917, upon findings in favor of the defendants, in an action for an injunction. Affirmed.

*Gus L. Thacker,* for appellants.

*O. J. Albers* and *Herman Allen,* for respondents.

Holcomb, J.—This action was instituted by appellants to enjoin respondents from selling property under a writ of attachment. A temporary injunction issued, and respondents answered, claiming that the writ of attachment, having been filed prior to the deed in point of time, was prior and superior to the deed. On these issues the case was tried before Judge Rice, who took the matter under advisement and mailed a memorandum decision January 1, 1917. On January 4, 1917, respondents served and filed a motion for new trial and a motion for judgment in their favor. While the mo-

[1]Reported in 174 Pac. 434.

tions were pending, without notice to respondents, counsel for appellants had a judgment entered January 5, 1917. Judge Rice's term of office expired January 7, 1917, and Judge Reynolds, his successor, being disqualified, the cause was transferred to Judge Back, who granted a new trial after a hearing upon affidavits and a transcript of the evidence. Subsequently, the cause came on for trial before Judge Back, and resulted in a judgment in favor of respondents.

Respondents ask this court to strike from the transcript on appeal two affidavits used in the motion for new trial, for the reason that they should have been made a part of the statement of facts or brought up by a bill of exceptions. This motion must be granted under our former rulings. *State v. Moran,* 66 Wash. 588, 120 Pac. 86; *Gazzam v. Zimmer,* 68 Wash. 41, 122 Pac. 366; *Stern v. Spokane,* 73 Wash. 118, 131 Pac. 476, 46 L. R. A. (N. S.) 620; *Norton v. Pacific Power & Light Co.,* 79 Wash. 625, 140 Pac. 905.

Respondents also move this court to strike the statement of facts for the reason that it is incomplete in that it does not contain the affidavits and transcript of the evidence of the first trial, used by the court in determining the motions for new trial and judgment in favor of defendants; that the statement of facts is not properly certified, nor certified within the time fixed by statute. The statement of facts was served and filed August 28, 1917, in the superior court of Lewis county, Washington. The latter portion of the trial judge's certificate states:

"I further certify that the statement of facts does not include a full record of the facts, matters and proceedings presented to the court with reference to the vacation of the judgment signed by Judge Rice and upon the motion for new trial by the defendants, which motions were made by the defendants herein.

''Respondent excepts to the court certifying the foregoing statement of facts for the reason that amendments to the same having been proposed by the defendants no application to have the same certified was made until March 22, 1918, and that said statement of facts was not certified by the court reporter until after the time within which the clerk of court is to forward the transcript and proceeding to the supreme court and exception allowed.''

There is nothing before us to show that amendments were proposed by defendants within the time limited by statute. The statement of facts is certified to be incomplete. The statement of facts is subject to the further objection upon the part of the court that it is not indexed as required by Rule III, Supreme Court Rules.

For these reasons the statement must be stricken, and the case having been appealed to be heard *de novo* upon the record, the record being gone, there is nothing that we can consider upon appeal. The judgment must therefore be affirmed.

Affirmed.

Main, C. J., Chadwick, Mount, and Mackintosh, JJ., concur.