[No. 15698.   Department One.   March 4, 1920.]

J. G. FEHLER *et al., Respondents,* v.
THE CITY OF MONTESANO,
*Appellant.*[1]

TRIAL (102)—INSTRUCTIONS—REQUESTS—PARTLY ERRONEOUS.   It is
not error to refuse a requested instruction which is in part incorrect,
as the court is under no obligation to segregate the correct and in-
correct portions.

MUNICIPAL CORPORATIONS (470)—DEFECTIVE SIDEWALKS—INSTRUC-
TIONS.   In an action for personal injuries sustained upon a defective
sidewalk, it is error to instruct that the city assures a pedestrian
that he will not be injured by any defect of which the city had
knowledge, if he himself exercised ordinary care, since it would not
be liable if the plaintiff assumed the risks.

TRIAL (101)—INSTRUCTIONS—REQUESTS ALREADY GIVEN.   It is not
error to refuse a requested instruction that is given in substance in
other instructions.

SAME (93)—INSTRUCTIONS—APPLICATION TO FACTS.   It is not error
to refuse requested instructions stating correct principles of law, if
they have no application to the facts of the case.

DAMAGES (126)—MEASURE OF DAMAGES FOR INJURIES TO PERSON—
INSTRUCTIONS.   In an action against a city for personal injuries, an
instruction to only allow such damages as would justly compensate
for the injury, correctly states the measure of damages, and warrants
the refusal of an instruction not to be influenced by sympathy and
other requested instructions on the subject.

APPEAL (272)—RECORD—AFFIDAVITS.   Affidavits as to the method
by which the jury arrived at its verdict, not incorporated in a state-
ment of facts or bill of exceptions, cannot be considered.

Appeal from a judgment of the superior court for
Grays Harbor county, Sheeks, J., entered June 19,
1919, upon the verdict of a jury rendered in favor of
the plaintiffs, in an action for personal injuries sus-
tained upon a sidewalk.   Affirmed.

*T. M. Vance* and *O. M. Nelson,* for appellant.
*W. H. Abel* and *W. J. Murphy,* for respondents.

[1]Reported in 188 Pac. 5.

MACKINTOSH, J.—The city of Montesano, in 1910, constructed a sidewalk above a slough, and supported it by braces nailed to piling. In 1919, the respondent J. G. Fehler, while returning from his work in the dusk of the evening, had occasion to cross this sidewalk, which, without warning, collapsed under him, occasioning his fall of a distance of eighteen feet, with serious results, the subject-matter of this lawsuit. The jury returned a verdict for $16,600 against the city, which has appealed.

The principal assignments of error relate to the refusal of the trial court to give instructions requested by the defendant. The first and principal assignment calls our attention to a requested instruction which was submitted in this form:

"You are instructed that a municipal corporation is not an insurer of its streets or bridges. It does not warrant one who travels over its streets or bridges against injury by reason of defects existing thereon, but does assure him that he will not be injured if he, himself, exercises ordinary prudence and care, from any defect that the city has knowledge of, as will be more fully explained by later instructions."

The defendant, in the first sentence, properly states the rule of law applicable to the facts in the case and one which it would have been proper for the court to have announced to the jury. There are two reasons, however, why it was not error to refuse to submit to the jury the instruction proposed; first, by several announcements of this court, the law is fixed that it is not error to refuse to instruct the jury as requested when the instruction is partially erroneous; that is, there is no obligation upon the court to segregate the correct and incorrect portions of a requested instruction and then submit the correct portion to the jury. A requested instruction which is in part correct and

in part incorrect should be refused as a whole. *Duggan v. Pacific Boom Co.,* 6 Wash. 593, 34 Pac. 157, 36 Am. St. 182; *Croft v. Northwestern Steamship Co.,* 20 Wash. 175, 55 Pac. 42; *Howe v. West Seattle Land & Imp. Co.,* 21 Wash. 594, 69 Pac. 495; *Smith v. Seattle,* 33 Wash. 481, 74 Pac. 674; *Ramm v. Hewitt-Lea Lumber Co.,* 49 Wash., 263, 94 Pac. 1081; *Singer v. Martin,* 96 Wash. 231, 164 Pac. 1105.

"It is also well settled that, in order to entitle a party to predicate error upon the refusal of the court to give a requested instruction, such instruction must be substantially correct and such as the court might give to the jury without modification or omission. A party cannot complain that the court did not pause in the midst of a trial and, of its own motion, modify and correct a requested instruction and then give it as corrected. No such duty rests upon the court. An instruction which is in part correct and in other particulars incorrect may be refused as a whole." *Nollmeyer v. Tacoma R. & Power Co.,* 95 Wash. 595, 164 Pac. 229.

That part of the instruction which referred to the assurance given the plaintiff that he will not be injured by any defect which the city had knowledge of, or ought to have had knowledge of, if he himself exercised ordinary care, is an incorrect statement of the law, for the reason that it would throw liability upon the city even though the plaintiff himself might have assumed the risk of the accident. Thus, the instruction being partly erroneous, it was not error for the court to refuse to give the correct portion.

Second, the principle that the defendant was interested in having presented to the jury, to wit, that the city was not an insurer of the safety of its streets was, in substance, given to the jury in several instructions, although it is true the word "insurer" was not used in any of those instructions. When a requested

instruction, in so far as it may contain a correct statement of the principle of law, has been substantially given in the instructions of the court, it is not error for the court to refuse to give the instruction in the exact language requested. *Smith v. Seattle, supra; State v. Anderson,* 30 Wash. 14, 70 Pac. 104; *Smith v. Michigan Lumber Co.,* 43 Wash. 402, 86 Pac. 652; *Nollmeyer v. Tacoma R. & Power Co., supra.* The court, in defining the duty of the city, in its first instruction to the jury expressed that duty to be "to keep and maintain sidewalks, including the sidewalk in question, in reasonably safe repair for the purposes of travel;" again in that instruction the expression is "reasonably safe condition," and in instruction number two the jury was again informed that it was the duty of the city of Montesano "to keep and maintain the sidewalk in question in a reasonably safe condition for public travel," and so on through the remaining instructions, and the jury were told several times the degree of care to which the city was to be held; and the trial court, having thus properly stated the rule of liability, it was not error to have failed to have charged the jury what would be the rule of nonliability.

Assignments 2, 3, 4 and 5 have reference to the refusal to give requested instructions that would exempt the city from liability. One requested instruction related to the question of notice to the city of the defective sidewalk. In another it was requested that the jury be instructed that, if the city had used ordinary care and prudence in the employment of competent constructors in the erection of the bridge in question, it would not be liable. Another requested instruction related to the choice by the pedestrian of the safer way. The fifth assignment relates to a requested instruction exonerating the city from inspection if it

had furnished competent officials to make the inspections.

An examination of these requested instructions shows that those which state a correct principle of law have no application to the facts of this case and, were, of course, properly refused, and the same fate was merited by those instructions which improperly stated the law.

The next assignment of error relates to the refusal of the court to give a requested instruction calling the jury's attention to the proper measure of damages, and to the fact that it should not be swayed by emotions of sympathy, and instructing it that compensatory damages were the only ones recoverable in the action. The court gave an instruction charging the jury that it could only allow such amounts as it believed would justly compensate the plaintiff, and said "the rule being that only compensation for the injury as shown by the evidence shall be given." This instruction properly stated the measure of damages, and although the instruction requested as to sympathy was a proper one to have been given, still it was not error in this case to have failed to give it as requested when it was given in substance and the jury was advised that the plaintiff was entitled only to compensation which excluded the idea of an award based on sympathy or prejudice or as for punishment.

The final assignment of error argued is that the verdict is excessive and should be reduced. In support of that contention, the affidavits of two jurors are referred to which explain the method by which the jury arrived at their verdict. A motion having been made for the striking of these affidavits on the ground that they are not incorporated in, nor added to, the statement of facts, nor brought up by bill of exceptions, must be granted. *Davidson v. King,* 103 Wash. 379,

174 Pac. 434; *Richmond v. Denny,* 104 Wash. 202, 175 Pac. 957. In the absence of these affidavits there is nothing before us to warrant our considering this assignment of error except as it refers to the excessive amount of the verdict. Although the verdict is large, it does not seem so unduly so as to warrant any reduction at our hands.

Judgment affirmed.

HOLCOMB, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.