[No. 28678. Department Two. September 1, 1942.]

THE STATE OF WASHINGTON, *Respondent*, v. O. J. REFSNES, *Appellant*.[1]

[1]Reported in 128 P. (2d) 773.

*John C. Richards,* for appellant.

*Leslie R. Cooper, C. P. Brownlee,* and *Philip Sheridan,* for respondent.

SIMPSON, J.—Plaintiff was charged with the crime of driving an automobile upon the public highways of this state while under the influence of, or affected by the use of, intoxicating liquor. He was placed on trial and the jury found him guilty as charged. The trial court then imposed a fine and revoked defendant's operator's license for a short period of time, from which judgment defendant has appealed.

The assignments of error are in the giving of one instruction, in the refusal to give a proposed instruction, in the refusal to strike certain testimony, and in overruling a motion for new trial.

During the progress of the trial appellant introduced evidence which showed that his reputation for sobriety and as a peaceful, law-abiding citizen had been good. The court gave an instruction concerning

the evidence which had to do with appellant's reputation. Relative to this instruction, the following occurred after the jury had retired to consider its verdict.

"MR. RICHARDS: The defendant, O. J. Refsnes, excepts to Instruction No. 8 as given by the Court, on the grounds and for the reason it is not a correct statement of the law; and especially excepts to the second paragraph of said instruction, which reads as follows:

" 'Good reputation, however, of itself alone, is not any defense to crime. It is a fact and a circumstance, if you deem it proven, to be considered for the purpose I have mentioned, and for no other.'

"The Court does not tell the jury that it is evidence in the case, to arrive at a verdict, whether or not the defendant is guilty beyond a reasonable doubt.

"The defendant excepts to no other instructions as given.

"THE COURT: Instruction No. 8 had added to it, with the knowledge of both counsel, conveyed to them this morning, the words that are written upon the original instruction at the end thereof, and if counsel for the defendant requests it, the jury will be recalled that the instruction may be read as it was amended.

"MR. RICHARDS: I certainly would request that.

"THE COURT: Then you may bring the jury with the instructions.

"MR. RICHARDS: I had no opportunity to read it to them this morning. (Jury returns to jury box)

"THE COURT: It will be recalled that Instruction No. 8, as given to the jury last evening, was dictated from the bench. There *has* been words in my own handwriting added to that instruction, and it is the request and the consent of counsel that such instruction as it now stands be read to you.

" 'You are instructed that if you shall deem it established by the evidence bearing thereon that previous to the date of this alleged offense the accused had borne a good reputation for sobriety and law abidance in the community wherein it was he resided, then this is a fact and a circumstance which you may consider

for what you may deem it worth in the determination of his guilt or innocence in this case.

" 'Good reputation, however, of itself alone, is not any defense to crime. It is a fact and a circumstance, if you deem it proven, to be considered for the purpose I have mentioned, and for no other, that is, the probability or improbability of accused having committed the offense he is now accused of.'

."You may now retire."

Counsel for appellant made no further objection after the jury had been recalled. In view of that fact, it must be assumed that appellant was satisfied with all of the instructions as finally given by the trial court.

■ In making exceptions, it is always necessary to indicate to the court the reasons for the objection to the instruction. Because of the fact that counsel remained silent, the court was justified in believing that appellant was entirely satisfied with the instructions and that no other changes should be made. Whatever objections appellant may have had were waived by him.

■ In any event, we conclude that the instruction as given by the trial court was correct. Instructions must be considered together as a whole and if, when so considered, they properly state the law, they are sufficient.

■ Refusal of requested instructions is not error where the instructions as given fully and fairly state the law.

■ Among other instructions, the court gave the following:

"You are instructed that at the outset of the trial it is the presumption of the law that the accused is not guilty of any crime charged in the Complaint against him and defined by these instructions; and this presumption abides with that one until a consideration of all the evidence adduced during the trial shall lend your minds to the final determination beyond a reasonable doubt that the accused is guilty.

"It is the duty of the State to adduce before you during the progress of the trial, from witnesses who testify at its call, or from those called by the accused, that testimony and evidence which will so convince your minds. This last is what the law designates as the 'burden of proof' which rests upon the State."

Considering the above instruction in connection with instruction No. 8, it is apparent that the jury were clearly informed that all of the evidence, including that bearing upon the question of reputation, must be considered, and that they could not convict the defendant unless the evidence taken and considered as a whole proved beyond a reasonable doubt that appellant was guilty of the crime charged in the information.

Instructions quite similar to No. 8 have been approved in the following cases: *Armor v. State,* 63 Ala. 173; *State v. O'Callaghan,* 157 Iowa 545, 138 N. W. 402; *State v. Bell,* 206 Iowa 816, 221 N. W. 521; *State v. Tucker,* 58 N. D. 82, 224 N. W. 878; *Rhea v. State,* 104 Ark. 162, 147 S. W. 463; *Keys v. State,* 112 Ga. 392, 37 S. E. 762, 81 Am. St. 63.

Defendant's requested instruction which the court refused to give read as follows:

"You are instructed that good character, like other facts in the case, should be considered by the jury, and if therefrom, and from all the other evidence in the case, there is a reasonable doubt generated in the mind of the jury as to the guilt of the accused, it is the duty of the jury to acquit the defendant."

[5, 6] It will be observed that no evidence was introduced relative to the good character of appellant. The evidence related only to reputation. There is a difference between character and reputation. Character is what a man is; that is, the qualities which constitute the individual. Reputation is what people say of him. In other words, reputation is the sum of opinions established concerning him. 22 C. J. 470, Evi-

dence, § 560; *State ex rel. Seeburger v. Pickett,* 202 Iowa 1321, 210 N. W. 782.

It is the rule in this state that it is not error to refuse to give requested instructions unless they are correct as an entirety.

In *Ramm v. Hewitt-Lea Lbr. Co.,* 49 Wash. 263, 94 Pac. 1081, this court stated:

"Having refused to give the instruction in the form requested, the trial judge committed no prejudicial error in failing to prepare and give an instruction upon the same subject. Moreover the appellant's assignment of error is based upon the refusal of the one requested, and not upon the failure to give another in its place."

The following statement in *Nollmeyer v. Tacoma R. & Power Co.,* 95 Wash. 595, 164 Pac. 229, clearly states the rule.

"It is also well settled that, in order to entitle a party to predicate error upon the refusal of the court to give a requested instruction, such instruction must be substantially correct and such as the court might give to the jury without modification or omission. A party cannot complain that the court did not pause in the midst of a trial and, of its own motion, modify and correct a requested instruction and then give it as corrected. No such duty rests upon the court. An instruction which is in part correct and in other particulars incorrect may be refused as a whole."

Accord, *Howe v. West Seattle Land & Imp. Co.,* 21 Wash. 594, 59 Pac. 495; *Fehler v. Montesano,* 110 Wash. 143, 188 Pac. 5; *Hardinger v. Till,* 1 Wn. (2d) 335, 96 P. (2d) 262; 8 California Jurisprudence, § 606.

The court was therefore entirely justified in refusing to give the requested instruction, for the reason that no evidence had been introduced upon the question of appellant's character.

Another assignment of error relates to the refusal of the court to strike certain evidence. In order

to show clearly what occurred relative to the action of the trial court, of which appellant complains, we quote from the record.

On cross-examination, appellant was asked: "I will ask you whether or not in January, 1941, you were convicted of negligent driving in Everett police court?" Appellant answered "yes."

Upon redirect examination, appellant testified:

"Q. Mr. Refsnes, they asked you, the prosecutor did, about a conviction of negligent driving. Did you have a conviction on that? A. No, I just put up a bail and forfeited the bail. Q. Forfeited $25.00 bail on a negligent driving charge? A. Yes, sir."

Appellant's counsel then made the following motion:

"If the Court please, at this time I am moving to strike all reference about putting up bail on the negligent driving charge in the city, and ask the jury to be instructed to disregard it."

The motion was denied by the court.

It is manifest that the court did not commit error in so ruling. The motion was directed entirely to the testimony given by appellant on redirect examination and had no relation to the evidence given on cross-examination. In fact, the ruling of the trial court was favorable to appellant, for the reason that the explanation given by appellant relative to a previous conviction remained for the consideration of the jury. Had the court granted the motion, the jury would have had for its consideration only the admission of appellant that he had been convicted of a crime.

The only question raised on the motion for a new trial concerned the evidence which had to do with the bail bond. That question has already been considered by us and needs no further attention.

Finding no error, we affirm the judgment.

ROBINSON, C. J., BEALS, and JEFFERS, JJ., concur.

BLAKE, J., concurs in the result.